TuRNEy, Jl,
delivered the opinion of the court:
The question presented, arises on the following facts:
At the August term, 1877, of the circuit- court for G-reene county, an indictment was presented to the grand jury against the defendants, for arson, which was ignored. By an order indorsed on the indictment, three witnesses were summoned before the grand jury on behalf of the state. Judgment was rendered for costs, including that of said three witnesses, against the state. The bill of costs, was made out and properly certified to- the comptroller, who refused to allow and order paid the-costs of the three witnesses before the grand jury. At the October term, the attorney-general moved for judgment against the county for these costs, which was refused. ISTo step was taken to vacate the judgment of the former term, nor is there appeal or writ of error therefrom.
If the judgment is erroneous, it can only be reviewed by this court by appeal, or writ of error bringing it directly before us. In the condition of the ease as presented by the record, we cannot inquire into the correctness of the judgment. The state having submitted to it, is bound by it. It was the duty of the comptroller to have issued his warrant for the amount of that judgment. We know of no law conferring upon the comptroller jurisdiction to revise, reverse, or vacate the judgment, orders or decrees of the courts established by the law of the land, or to disregard or disobey their mandates given in the exercise of their lawful jurisdictions. On the contrary, his observance and obedience may be compelled by mandamus.
This case is before us by appeal from the action of the circuit court, refusing to fax Greene county with the costs.
Affirmed.